The first one is whether the government has met its burden to show Mr. Hernandez-Valdovinos's predicate felony was clearly amounted to a drug trafficking offense under the guidelines. The second issue before the court is that if the government has indeed met its burden to establish that Mr. Hernandez-Valdovinos was convicted of a drug trafficking offense, then our position is that the enhancement in this case should be 12 levels, or excuse me, 8 levels, not 12 under the guidelines, because Mr. Hernandez's sentence was ordered suspended and he received probation. Back in 1998, Mr. Hernandez was convicted of what's alleged to be a felony narcotics offense. He received a suspended sentence, four years of probation, and as a condition of that probation, he received a 60-day term of incarceration as a condition of probation. It's not clear in our view what exactly he was convicted of other than the name of the offense. The elements weren't established by the government or by any submission of evidence on their part, and we submitted all the judicially noticeable documents, including an indictment which made it clear from our perspective that he was convicted under a statute that is divisible, that does include, excuse me, penalizes conduct that does not amount to a drug trafficking offense, including specifically offer to transport, offer to transfer, and offer to sell. So since he pled to that indictment, our position is that a modified categorical approach should have been employed by the court, the district court, in this matter. The reviewing court should have reviewed judicially noticeable documents beyond what we submitted, including the indictment, plea agreement, plea colloquy, jury instructions, and the judgment, which was not done other than what, other than a review of the documents that we submitted with our objections. And our position is that it does not, those documents do not clearly establish that Mr. Hernandez Valdovinos was convicted of a drug trafficking offense, and they're required to clearly establish that under Rivera-Sanchez, Corona-Sanchez, and Caceres-Bravo. That being the case, our next argument is if the court concludes that he was convicted of a drug trafficking offense, that here he received probation, that we'd ask the court to take a plain reading of the guideline. The guidelines clearly, the guidelines. But he got probation, including jail time. Yes. But our position is that that jail time is a condition of probation, and the guidelines specifically prohibit that to be counted against him in terms of a sentence imposed. In order to get to the drug trafficking 16 and 12 levels, there has to be a sentence imposed. Our position is that because it was 60 days as a term of probation, this, the sentence should be enhanced by eight levels. That's the purpose of the catch-all provision, because you don't even get to the sentence imposed because of the fact that the sentence was probated. What's the language of the guideline 2L1.2? What does the guideline say? Well, it says that a sentence imposed refers, well, refers, in the notes, it refers to the part that is not probated, not suspended, should not be counted as a sentence imposed. The guidelines specifically require that for a 16-level bump, there be a sentence imposed of 13 months or more. For the 12 levels, it has to be 13 months or less. I've submitted a letter under Rule 20HA indicating the Second Circuit obviously doesn't agree with me in Mullings. They consider 13 months or less to include zero. My argument is that's because they jumped the head of the gun and got the sentence imposed. In order to consider this as 13 months or less, there has to be a sentence imposed. The notes make clear that you don't count any sentence that was probated. I hate to tell you this, but I think your argument on that, you know, whether jail time is a part of probation, is a sentence imposed, is mooted by a case called U.S. v. Mendoza, O2-10659, filed today, which says jail time is part of a probation, is a sentence imposed under that guideline. Oh, that was... It's flat out holy, I believe. That one was... I gave you the citation. I'd ask the court to... I gave you the citation. You can look it up yourself. I don't want to overrule that, and that if the commission intended that, then they would have made the language clear like they did in Chapter 4, where they do... Well, you can hunt up the lawyer who represented the defendant, you know, and tell him or her to petition for re-hearing, because it's a big mistake, but I think that's your only remedy now. Okay. On that issue. Yeah. Yeah. Well, I guess I'll go to the first issue, which again, I would emphasize that this should not be a drug trafficking case. Exactly. On the first issue, what exactly did the court look at? Well, I believe the court specifically mentioned considering the elements of the offense, which were never established here. I mean, it's very easy to go up to Maricopa County and get a plea colloquy. The elements were never established. They based their decision on that, specifically in the judge's decision, and he says, Paragraph 19 of the pre-sentence report, and I believe under Corona-Sanchez, it establishes clearly that the court is not to look at the pre-sentence report to establish whether or not an offense is a drug trafficking, or excuse me, an aggravated felony, in this case, a drug trafficking offense. There are other cases out there where, like Huerta Guevara that was mentioned in the last argument, whereby this court is very clear on what the government needs to submit, what the record of conviction is, and I believe it's best to follow that clear guidance, and that's from the indictment, the judgment, the plea colloquy, the plea agreement, and jury instructions, which were not part of the record here. One thing I would want to mention is that the government brought up the fact that this was a disjunctive statute, California Health and Safety Code 11-360, which was dealt with in Rivera-Sanchez, is a disjunctive statute, while the state of Arizona does require the prosecution to choose one theory to pursue their case. At trial, this was not trial, this was a change of plea to the indictment. He pled to the indictment, it appears, and there being no objection from defense counsel, I believe that would be allowed in Arizona criminal court. Okay. You've got about two minutes, Your Honor. Yeah, I'd like to reserve it. You want to reserve it? Yes, sir. All right. Thank you. Well, we've made your task easier. Yes. Thank you, Your Honors. May it please the Court. Good morning. My name is Anne Gann. I'm an assistant United States attorney representing the United States in this matter as appellee. The first issue in this case is whether the underlying conviction, the state court conviction, qualifies as a felony drug trafficking offense under the guidelines, and whether the 12-level enhancement which was imposed by the district court was correct. It's the government's position that the record clearly shows that the defendant was convicted in state court of attempted sale of narcotic drugs. The government does bear the burden of establishing the nature of the underlying felony. And tell us, maybe you can't tell us what the district court looked at, but tell us what was available to the district court to examine in terms of, you know, trying to determine what the offensive conviction was. Well, the government bears the burden. In this case, it was actually the defendant who supplied the documentation to the court in attachments to their objections to the pre-sentence report. And the court had before it the state court indictment, which is at ER-4, the state plea agreement, which is at ER-7, the minute entry from the change of plea, which is at ER-11, and the conviction document, which is at ER-12. Was there something in the plea agreement, you know, specific to the charge? In fact, the plea agreement, the minute entry, and the conviction document are all consistent in that they say that it was attempted sale of narcotic drugs. The appellant wants the court to adopt the position that this is somehow shorthand for the statute. The parties agree that the modified categorical approach is necessary in this case because the state statute of conviction encompasses both in the disjunctive portions of it that would not qualify as a drug trafficking offense. But the district court in, at the sentencing hearing and on pages 20 and 21 of the ER states that they looked at everything and that the district court was convinced that this was a drug trafficking offense. The state conviction, which is Arizona revised statute 13-3408, is entitled possession, use, administration, acquisition, sale, manufacture, or transportation of narcotic drugs classification. And more specifically, it appears that the defendant was convicted under subsection 7, in which case the first term of that particular subsection is transportation for sale. It's the government's position that this is in no way shorthand for the state's conviction for either one of these titles to the statute, either the main title in which the first term is possession or the particular subsection, which the first term is transportation for sale. In addition, the use of the word attempt also shows that this was specifically what the defendant was convicted of. The indictment, the state court indictment, did not refer to attempt. That was added later on and it was amended. So it's clear that the state court, in all of its documents being consistent, was finding that this was the offense that the defendant was being convicted of. In addition, there is a portion of the state conviction document which refers to restitution of $10 to the Phoenix Police Department. In his reply brief, the appellant indicates that the district court relied solely on the PSR pre-sentence report with regard to this issue. That is not correct. That portion of the restitution order was contained in the state court conviction document, which was before the district court and as part of the record at ER-12. The PSR clarifies what that restitution was regarding, and it's the government's position that it was appropriate for the district court and for this court to look at the PSR for that limited purpose. The judicially noticeable documents establish that there was restitution. The explanation is in the pre-sentence report, and the government relies on Shavaria Onhill for that proposition. The government thinks this case is clear with the judicially noticeable documents that were before the court that the defendant was convicted of attempted sale of narcotic drugs, and that was the basis for the 12-level indictment. The court does not want any further argument on the issue of the 12 months or less, but I'd be more than happy to address that if the court wishes. I don't think it's necessary. No other further questions from the court. I'd just like to ask the court to affirm the district court on both of these issues. Thank you. Thank you. Roberto? Yes. I'd just like to emphasize the government's correct that the PSR does clarify this case, and I believe the district court improperly relied on the PSR, improperly relied on the name of the offense and the fact that. You know, I think our cases say, oh, there's maybe some attention, but the district court can't rely exclusively on the PSR, but it doesn't say it has to ignore it. In other words, here there were other documents that corroborated the PSR, weren't there, such as the plea agreement and the indictment? Yes, that's correct in terms of the name of the offense, but I don't believe they corroborated that Mr. Hernandez Valdovinas pled to what amounts to elements that amount to a drug trafficking offense. I believe the indictment is clear that it contains in the charge what amounts to what's called a sale of a narcotic drug, and that includes activities that don't amount to drug trafficking under this court's precedent. In addition, despite the amendment of the charge to attempt, that lowers it to class three under Arizona law, making Mr. Hernandez Valdovinas probation eligible, which was exactly what happened, but it didn't amend the body in the case. Our position is he pled. He did pay restitution, but restitution for what? That's not established by the record. It could be restitution for taking money for setting up a drug transaction. There was a co-defendant in this case. So I'd ask the court not to rely on that in making its decision. Thank you. Okay. Thank you. Thank both counsel. This case is submitted for decision. Next case is a habeas case out of Arizona. Busy day today for the Arizona criminal bar. Olivera Ferreira versus Ashcroft.
judges: Hug, B Fletcher, Tashima